**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Monte Cristia, | ) | No. CV 06-2435-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Illinois Mutual Life Insurance Company, | ) | |
| Defendant. | ) | |

Plaintiff Monte Cristia filed this lawsuit alleging that Defendant Illinois Mutual Life Insurance Company ("Illinois Mutual") breached a disability-income insurance contract. Illinois Mutual filed a counterclaim contending that it lawfully rescinded the contract on the basis of certain misrepresentations in Cristia's insurance application. Illinois Mutual now moves for summary judgment on the counterclaim (Doc. # 17). For the following reasons, the Court denies the motion.

**I.    Background**

On June 11, 2003, Plaintiff Monte Cristia applied for a disability-income insurance policy with Defendant Illinois Mutual. Among other things, the application required Cristia to disclose any medical advice he had received within the past five years as well as any medical advice he was currently receiving. Although less than three months earlier a doctor had recommended that Cristia undergo arthroscopic surgery on his right shoulder, Cristia did not include this information on the application. Cristia claims, however, that

Case 2:06-cv-02435-JAT   Document 31   Filed 09/20/07   Page 2 of 5

1 he fully disclosed the recommended surgery to an agent of Illinois Mutual who helped
2 him complete the application, and that the agent advised him that it was not necessary to
3 include this information on the application.  The Court must address whether, under these
4 circumstances, Cristia's failure to disclose the recommended surgery on the application
5 gave Illinois Mutual a lawful ground to rescind the policy.

6 **II.     Legal Standard**

7       The standard for summary judgment is set forth in Rule 56(c) of the Federal Rules
8 of Civil Procedure.  Under this rule, summary judgment is appropriate when no "genuine
9 issue" of "material fact" remains and "the moving party is entitled to summary judgment
10 as a matter of law."  Fed. R. Civ. P. 56(c).  A dispute about a fact is genuine if the
11 evidence is such that a reasonable jury could return a verdict for the nonmoving party.
12 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court must resolve all
13 ambiguities and draw all reasonable inferences in favor of the nonmoving party.  *Provenz*
14 *v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

15 **III.    Discussion**

16       Both parties agree that the determination of whether Illinois Mutual lawfully
17 rescinded the insurance policy is governed by section 20-1109 of the *Arizona Revised*
18 *Statutes*.  This statute provides, in relevant part, that a misrepresentation in an insurance
19 application shall not prevent recovery under the policy unless: (1) the misrepresentation is
20 "fraudulent"; (2) the misrepresentation is "material . . . to the acceptance of the risk"; and
21 (3) the insurance company would not have issued the policy had it known the actual facts.
22 Ariz. Rev. Stat. Ann. § 20-1109 (2002).  All three elements must be satisfied in order to
23 deny coverage.  *Valley Farms, Ltd. v. Transcontinental Ins. Co.*, 78 P.3d 1070, 1074
24 (Ariz. Ct. App. 2004).  Illinois Mutual's failure to demonstrate the absence of a genuine
25 issue of material fact regarding the fraud element is dispositive of this motion.

26       The fraud element of the rescission claim can be satisfied by proof of actual or
27 legal fraud.  *Id.*  In this case, Illinois Mutual alleges only legal fraud.  As a general rule,
28 legal fraud exists if: (1) the insurance application contains an incorrect answer to a

- 2 -

1 question that asks for facts within the personal knowledge of the insured; and (2) the
2 requested facts are such that the insurance company would have naturally contemplated
3 that the answer given represented the actual facts. *Id.*

4 However, incorrect answers contained in an insurance application cannot be
5 fraudulent if the insurance company either knows or should know the true facts. *Centrust*
6 *Mortgage Corp. v. PMI Mortgage Ins. Co.*, 800 P.2d 37, 43 (Ariz. Ct. App. 1990).
7 Knowledge of the true facts can be imputed to the insurance company from its agents.
8 *E.g.*, *Smith v. Republic Nat'l Life Ins. Co.*, 483 P.2d 527, 532 (Ariz. 1971); *Stewart v.*
9 *Mutual of Omaha Ins. Co.*, 817 P.2d 44, 53 (Ariz. Ct. App. 1991).  An insurance
10 company has constructive knowledge of the true facts by virtue of its agent's knowledge
11 when: (1) the applicant fully discloses the true facts to the agent; (2) the failure to include
12 these facts in the application is the fault of the agent; and (3) the applicant has in good
13 faith done all he was led by the agent to believe he was required to do. *Stewart*, 817 P.2d
14 at 53.

15 Although Illinois Mutual acknowledges the constructive-knowledge exception to
16 legal fraud, it contends that the exception does not apply in this case. Illinois Mutual first
17 argues, curiously, that Cristia has failed to present evidence sufficient to establish the
18 existence of an agency relationship between itself and the alleged agent, Christina
19 Magazzu. The insurance application at issue in this case, which is attached to Illinois
20 Mutual's Statement of Facts as Exhibit *B*, specifically identifies Magazzu as Illinois
21 Mutual's "agent" in at least four different places. Such undisputed evidence is certainly
22 sufficient to establish an apparent agency relationship. *See Gulf Ins. Co. v. Grisham*, 613
23 P.2d 283, 286 (1980) (noting that apparent agency exists when the principal "intentionally
24 or inadvertently induced" a third party to believe that a person was its agent).

25 Illinois Mutual next argues that the undisputed evidence shows that Cristia did not
26 fully disclose the true facts to Magazzu. According to Illinois Mutual, instead of
27 disclosing that he had already decided to undergo surgery, Cristia only revealed that his
28 doctor had recommended surgery — a difference, in the Court's view, that makes no

difference. The relevant inquiry for assessing insurance risk is whether a person is or is likely to be injured, not whether a person plans to receive medical treatment for an existing injury. Moreover, Illinois Mutual admits that it is the doctor's recommendation of surgery rather than the patient's decision to have it that would have prevented approval of Cristia's application [Defendant's Statement of Facts ¶ 11]. Cristia has, therefore, presented evidence from which a jury could reasonably conclude that he fully disclosed all of the relevant information to Illinois Mutual's agent.

Finally, Illinois Mutual argues that Cristia's responses in the application would appear false to a reasonable applicant, and that, as a result, Cristia could not have acted in good faith when he failed to disclose the impending surgery on the application. In response, Cristia claims that Magazzu advised him that the impending surgery did not need to be included on the application because he had already included an earlier surgery on the same shoulder, and that "if the insurance company wanted more information regarding [his] shoulder injury they [sic] would contact [Cristia] or [his] doctors" [PSOF App. 2 ¶ 6]. This testimony, coupled with the fact that Illinois Mutual excluded the injured shoulder from coverage, would support a jury finding of good faith. *See Stewart*, 817 P.2d at 53 ("[An] insurer cannot rely on incorrectly recorded answers known to the insured where the incorrect answers are entered pursuant to the agent's advice, suggestion or interpretation.").

## IV.   Conclusion

The principle underlying the constructive-knowledge exception to legal fraud is that innocent insurance applicants should not be punished for the fraudulent conduct of insurance agents. As the Arizona Supreme Court stated in *Smith*:

> Protection of the insurer from its agent's acts at the price of disaster to an applicant sanctifies and fosters over-reaching and is fundamentally unfair. The methods employed in processing applications lie substantially within the control of the insurer, and the insurer should not be shielded from its own wrong.

483 P.2d at 532. As the above discussion illustrates, Cristia has presented sufficient evidence from which a jury could reasonably conclude that he is being punished for the

- 4 -

1  fraud of Illinois Mutual's agent.  The Court having found a disputed issue of material fact
2  as to the fraud element of Illinois Mutual's rescission claim,
3        **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. # 17) is
4  denied.
5        DATED this 20th day of September, 2007.

James A. Teilborg
United States District Judge